EDWARD MEHL, Respondent, *v.* WILLIAM VON DER WULBEKE, Appellant.

(GENERAL TERM, SECOND DISTRICT, DECEMBER, 1869.)

An agreement of December 28, 1868, to sell real estate for a certain sum, and to take in payment therefor, in part a lease of restaurant premises, and in part merchantable wines at the market price, to be delivered at intervals from such time as the vendor should commence the restaurant business,

and for one year thereafter, as they should be required, not to exceed in value $250 at any one time; and, " on receiving such payments at the time and in the manner above mentioned," to deliver a deed, " which deed shall be delivered on the 31st day of December, 1868."—*Held*, not to be specifically enforceable in equity, as uncertain and impossible of execution.

APPEAL from a judgment, rendered after trial by the court at Special Term, upon a case with exceptions.

The action was brought to enforce specific performance of a contract bearing date the 28th December, 1868, for the sale by the defendant to the plaintiff of a farm and stock thereon in the county of Rockland, the material parts of the contract are set forth in the opinion of the court.

Judgment was rendered for the plaintiff for specific performance, and the defendant appealed.

*Francis Byrne*, for the appellant.

*Jacob A. Gross*, for the respondent.

Present—JOSEPH F. BARNARD, GILBERT and TAPPEN, JJ.

By the Court — BARNARD, P. J.   By the agreement between the parties for the specific performance of which this action is brought, the price of the defendant's farm was to be $8,000, the price by the agreement was to be paid by the plaintiff, as follows: $2,000 by assuming a mortgage on the property, $3,750 by transfer of restaurant 661 Broadway, $250 for cows removed by defendant from farm, " $2,000 (two thousand dollars) by delivering to the party of the first part (defendant), good marketable wines and liquors at the regular market price, at intervals commencing at the time the party of the first part (defendant) shall open such restaurant business and for one year thereafter, or they shall be required " by plaintiff, not exceeding $250 at one time.   The defendant covenanted that he, " on receiving such payment at the time and in the manner above mentioned," shall deliver a deed of

the premises, " which deed shall be delivered on the 31st day of December, 1868."

It will be seen that by the agreement the defendant was only to deliver his deed upon being paid in full according to the contract, but the agreement calls for such delivery on the 31st December, 1868. No part of this $2,000 in merchantable liquors could be demanded until that day or about that day, and the whole year of 1869 might be consumed in making that payment.

Did the parties mean that the deed should be delivered before payment?

The agreement says that such delivery shall be after payment, but also fixes a day so early that payment was impossible before the delivery.

In such a case what will equity do?

Shall the defendant be compelled to pass his title out of his hands before he receives the consideration in full, as he has provided by his contract, because of the day which is fixed for the transfer. This seems to me to be inequitable. The parties do not present such a case as is enforceable in equity. The contract is not only uncertain, but at the time was impossible of execution. The rights of the parties are such that the remedy at law is adequate.

The judgment should be reversed and the complaint dismissed without costs.

Judgment reversed.