HUGH MILLER, Respondent, *v.* MARCUS BALL, Appellant.

Where a parol contract for the sale of vacant land is silent as to possession, and the vendee has paid the entire consideration and fully performed on his part, and all that remains for the vendor to do is to give a deed, in the absence of any evidence to the contrary, there is an implied agreement or license that the vendee may at once take possession and have the use of the land.

*Suffern* v. *Townsend* (9 J. R., 35), *Erwin* v. *Olmstead* (7 Cow., 229), *Kellogg* v. *Kellogg* (6 Barb., 116) distinguished.

Defendant agreed by parol to sell to plaintiff certain wild, uncultivated land several miles distant from a highway. He delivered to plaintiff's agent a deed, who then paid the whole consideration. Plaintiff, on examining the deed, discovered that the consideration was not truly expressed, and that certain reservations were made, not authorized by the agreement; he therefore returned it to defendant, who agreed to have it corrected and returned. Plaintiff cut a road from the land to the

highway, made roads on the land, underbrushed it, cut up fallen trees, preparatory to clearing about a quarter of an acre, erected a bough shanty, drew from the lot wood and timber and paid the taxes thereon. In an action to compel a specific performance of the agreement, *held*, that this was a sufficient part performance to take the case out of the statute of frauds.

(Argued February 16, 1876; decided February 25, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to compel a specific performance of an alleged parol contract for the sale of land.

The referee found in substance the following facts: That in the fall of 1863, Robert Miller, agent of plaintiff, without disclosing his agency, made a verbal contract with Philip Potter, defendant's agent, for the purchase of fifty acres of land at three dollars per acre, which he agreed to pay on delivery of a warranty deed, Potter agreeing to have a survey made and to procure the deed. The land was subsequently surveyed and its metes and bounds fixed. Defendant, upon receipt of the survey bill, executed a warranty deed of the premises to Robert Miller. The consideration was stated therein to be $100, and there was a reservation of mines and minerals, and the right to use and occupy all streams for logging and milling purposes. The deed was delivered by Potter to Robert Miller, who delivered it to plaintiff, who objected to the statement of consideration and to the reservations and returned it to Robert, who returned it to Potter, who agreed to have it corrected and returned. The deed was sent back to defendant, who, after promising several times to fix the matter satisfactorily, in April, 1867, refused to execute a deed unless paid two dollars more per acre. Plaintiff tendered a deed and demanded that defendant execute the same, which he refused. The referee also found as follows:

" The land in question is situated about two and a-half miles from a highway in one direction, and about five miles

in another, and was a wild, uncultivated lot, and of no practical value for cultivation until cleared, nor for any purpose without means of acess to it by teams. In November, 1864, the plaintiff entered upon the lot, cut and constructed a road thereto across the adjoining lands of Sawyer & Russell and others, under a parol license from the owners, to construct, occupy and use the same, said road connecting with roads which the plaintiff also made upon the lot in question. He underbrushed and cut up fallen trees, preparatory to clearing about a quarter of an acre of land; built a bough shanty, and since that time and down to the commencement of this action, on the 12th day of April, 1867, he continued in the occupancy of the said lot, cutting trees and timber upon it, and paying the taxes thereon, and also continued to labor upon and improve the roads upon the lot and those connecting the same with the public highway."

*Samuel Hand* for the appellant. There was no sufficient contract or memorandum in writing to take this case out of the statute of frauds. (*Squires* v. *Norris*, 1 Lans., 282; *Townsend* v. *Corning*, 23 Wend., 435; *Richards* v. *Porter*, 6 B. & C., 437; *Cooper* v. *Smith*, 15 East, 103; *Smith* v. *Surman*, 9 B. & C., 561; *Wright* v. *Wicks*, 25 N. Y., 153; 3 Bosw., 372; 2 R. S., 135, §§ 8, 9; *Sears* v. *Brink*, 3 J. R., 210; *Rowan* v. *Hyatt*, 45 N. Y., 138; *Mortimore* v. *Cornwell*, Hoffm., 381; *Coleman* v. *Carrigues*, 18 Barb., 60; *Cagger* v. *Lansing*, 43 N. Y., 550; *Ford* v. *James*, 2 Abb. Ct. App. Dec., 159.) The contract being void under the statute was not made valid by any part performance or by the operation of equitable estoppel. (43 N. Y., 550; *Erwin* v. *Olmstead*, 7 Cow., 229; *Kellogg* v. *Kellogg*, 6 Barb., 116; *Spencer* v. *Tobey*, 22 id., 260; *Suffern* v. *Townsend*, 9 J. R., 35; *Jervis* v. *Smith*, Hoffm., 474; *Richmond* v. *Foote*, 3 Lans., 244, 250; Story's Eq. Jur., § 763; Fry on Spec. Perf., § 397, note 32; Sudg. on Vendors, 72; *Taylor* v. *Wakefield*, 6 El. & B. 765; *Freeman* v. *Freeman*, 43 N. Y., 34, 39; *Lobdell* v. *Lobdell*, 36 id., 327.) A parol ratification of a contract to

sell lands, otherwise void, amounts to nothing. (*Haydock* v. *Stow*, 40 N. Y., 363.)

*Leslie W. Russell* for the respondent. Defendant having held Potter out to the world as his agent, was bound by the apparent authority he was presumed to have. (*Johnson* v. *Jones*, 4 Barb., 369; *Bridenbecker* v. *Lowell*, 32 id., 9; *Dunning* v. *Roberts*, 35 id., 463; *Nixon* v. *Brohan*, 10 Mod., 109; *N. R. Bk.* v. *Aymer*, 3 Hill, 270.) Defendant having ratified the acts of his agent, the ratification related back to confirm the original authority. (*Lawrence* v. *Taylor*, 5 Hill, 107.) If there was a memorandum sufficient to take the case out of the statute of frauds plaintiff having paid the purchase-price, specific performance would be decreed. (*Schroeppel* v. *Hopper*, 40 Barb., 425; *Losee* v. *Morey*, 57 id., 561; *Crary* v. *Smith*, 2 Comst., 60.) Defendant having allowed plaintiff, on the faith of the oral contract, to pay taxes, take possession and make improvements and other acts, a specific performance will be compelled. (Sugd. on Vendors [8 Am. ed.], 151; Story's Eq. Jur., § 759; *Malins* v. *Brown*, 4 Comst., 403; *Lowery* v. *Tew*, 3 Barb. Ch., 407; 2 Pars. on Con. [m. p.], 548; *Smith* v. *Onderdonk*, 1 Sandf. Ch., 579; 2 R. S., 135, § 10; 4 N. Y., 404, 420; *Pain* v. *Coombs*, 1 De J. & J., 34; *Harsha* v. *Reid*, 45 N. Y., 416; *Williston* v. *Williston*, 41 Barb., 643; *Traphagan* v. *Traphagan*, 40 id., 537; *Sahler* v. *Signer*, 44 id., 606; *Harris* v. *Knickerbocker*, 5 Wend., 638; *Burgess* v. *Simmons*, 45 N. Y., 225; *Baker* v. *Spencer*, 47 id., 562.) The presumption is that defendant knew of plaintiff's possession and acts. (*Brown* v. *Bowen*, 30 N. Y., 519; *Benson* v. *Bolles*, 8 Wend., 175; Matth. Pres. Er., 26; 2 Coke Litt., 122; *Poor* v. *Horton*, 15 Barb., 485; *Pike* v. *Morey*, 32 Vt., 37; *Lane* v. *Shears*, 1 Wend., 433; *Gregory* v. *Mitchell*, 18 Ves., 328, 333; *Dale* v. *Hamilton*, 5 Hare, 381; 2 Dart V. and P. [4th Eng. ed.], 937; Roberts on Frauds, 130, 131; *Parkhurst* v. *Van Courtland*, 14 J. R., 15.) There was a sufficient memorandum of the contract of sale. (*Welford* v. *Bigsby*, 3 Atk., 503; *Wright* v. *Weeks*, 25 N. Y., 153;

*Peabody* v. *Speyers*, 56 id., 230; *Jervis* v. *Smith*, 1 Hoff., 470; Story's Eq. Jur., §§ 755–757; *Williams* v. *Bacon*, 2 Gray, 391; *Gale* v. *Nixon*, 6 Cow., 445; Sudg. on Vendors [m. p.], 130; *Norris* v. *Cooke*, 7 Dr. Cr. L., 37; *Kuhn* v. *Brown*, 1 Hun, 244; *Coles* v. *Trecothick*, 9 Ves. Jr., 234; *Brinker* v. *Brinker*, 7 Barr., 53; *Fowle* v. *Freeman*, 9 Ves., 351, 355; *Dykers* v *Townsend*, 24 N. Y., 57; *Tawney* v. *Crowther*, 3 Bro. C. C., 161, 318, 320; *Pringle* v. *Spaulding*, 53 Barb., 17; *Peabody* v. *Speyers*, 56 N. Y., 233.) The omission of the name of the principal in the contract did not affect plaintiff's right to avail himself of a valid contract. (*Dykers* v. *Townsend*, 24 N. Y., 57; Code, § 111; 2 Pars. on Con. [m. p.], 508; *Nelthorpe* v. *Holgate*, 1 Colby, 203; *St. John* v. *Griffith*, 2 Abb. Pr., 198; *Bartlett* v. *Randall*, 3 Mer., 466; *I. P. and C. R. R. Co.* v. *Tyng*, Ct. Apps., 13 Alb. L. J., 100.)

EARL, J. We will assume, for the present purpose, that there was not a sufficient note or memorandum of the agreement between the parties to satisfy the requirement of the statute of frauds, and we still reach a conclusion adverse to the appellant.

There was sufficient evidence to sustain the finding of the referee that Potter was an authorized agent of the defendant to make the agreement and receive payment for the land. Plaintiff's brother, Robert, acted as agent for him in the negotiation with Potter, without disclosing the name of his principal. Yet, whatever rights were acquired by Robert belonged to the plaintiff, who employed him as agent, and furnished the money to pay for the land. The case may therefore be treated as if the negotiation had taken place and the agreement had been made directly between plaintiff and defendant.

The parol agreement was that plaintiff was to pay for the land $150, and receive a warranty deed thereof. This agreement was made in December, 1863, or January, 1864. The defendant and his wife executed a deed in April afterward, which

was delivered to the plaintiff's agent, who then paid the whole consideration of $150. The deed was subsequently delivered to the plaintiff, who, upon examination of the same, found that the consideration was not truly expressed therein, and that it contained certain reservations not authorized by the agreement; and he declined to receive it, and returned it to defendant's agent, who agreed to have it corrected and returned to him. This was never done; but defendant did not repudiate the parol agreement, or decline, upon request, to perform it, until April, 1867, a short time before the commencement of this action. The land was a wild, uncultivated lot, part of a large tract of timber land. It was several miles from any public highway. In the fall of 1864, the plaintiff, by the consent of the owners of adjoining land, cut out and made a road for the distance of two and one-half miles from a public highway to this lot; and then and subsequently, prior to the commencement of this action, he made roads upon the lot, underbrushed and cut up fallen trees thereon preparatory to clearing about a quarter of an acre; built a bough shanty; annually cut and drew from the lot wood and timber, and paid the taxes thereon. These improvements, and the expenses to make them, were not very extensive, and yet the referee held, upon all the facts of the case, that there was a sufficient part performance of the agreement to take it out of the operation of the statute of frauds. Whether this holding was right is the sole question for our consideration.

It is not always easy to determine whether there has been sufficient part performance of a parol agreement for the sale of land, in the sense of courts of equity, to free it from the operation of the statute of frauds. The general rule is, that nothing is to be considered as a part performance which does not put the party into a situation which is a fraud upon him, unless the agreement is fully performed. (*Malins* v. *Brown*, 4 N. Y., 403.) The principle upon which courts of equity hold that part performance is sufficient is, that a party who has permitted another to perform acts on the faith of an agree-

ment shall not be allowed to insist that the agreement is invalid because it was not in writing, and that he is entitled to treat those acts as if the agreement in compliance with which they were performed had not been made; in other words, upon the ground of fraud, in refusing to execute the parol agreement after a part performance thereof by the other party, and when he cannot be placed in the same situation that he was in before such part performance by him. Taking possession under a parol agreement, with the consent of the vendor, accompanied with other acts which cannot be recalled so as to place the party taking possession in the same situation that he was in before, has always been held to take such agreement out of the operation of the statute. (*Lowry* v. *Tew*, 3 Barb. Ch., 407; *Freeman* v. *Freeman*, 43 N. Y., 34.)

The payment of the consideration alone, in a case where its recovery in an action at law would fully indemnify the party paying, would not be a sufficient part performance within the rule under consideration, and neither would mere possession be, without any other circumstance of hardship or fraud. But payment of the consideration and possession under the agreement, or by the consent of the vendor, are facts which may be considered with other facts upon the question of part performance. Here the whole consideration-money was paid, and the plaintiff took all the possession of such a lot which is ordinarily practicable. He built roads to it and upon it; built a shanty and made some clearing. His improvements thus made were probably equal in cost to the consideration paid for the lot, and that cost would be lost to him unless the defendant be compelled to perform his agreement. He paid the taxes, and the money thus paid he cannot recover back. I am therefore of opinion that enough was done by the plaintiff to bring his case within the equitable rule as to part performance.

But before acts, otherwise sufficient for part performance, can have that effect within the rule, they must have been done in pursuance or fulfillment of the parol agreement, or in

just reliance thereon. They must have been done with a view to the agreement, and be referable exclusively thereto. (Story Eq. Jur., 762, 764.) In the respects here mentioned, plaintiff's acts were sufficient. The plaintiff paid the entire consideration under the agreement. The land was vacant, covered with timber, and distant from any highway. The defendant promised to give a deed, tendered one which was incorrect, took it back for correction, and then, after retaining the money paid for two years, repudiated the agreement, and refused to perform. The defendant could have no use of the land without the roads which he constructed. After he paid the entire consideration, and thus fully performed on his part, it must have been understood by both parties that he was to have possession and control of the land, and the right to commence and prosecute his improvements thereon. After plaintiff had paid the full consideration, in reliance upon the promise of the defendant to give him the title to the land, there was an implied consent, on the part of the defendant, that he might take possession as owner. It cannot be inferred that defendant meant to retain the money and, at the same time, retain control of the land from the only person interested in the use and protection of the same. It may be stated, as a general rule, that in all cases where the contract for the sale of land is silent as to the possession, the land being vacant, and the vendee has paid the entire consideration, and fully performed on his part, and all that remains for the vendor to do is to give the deed, there must be an implied agreement or license that the vendee may at once take possession and have the use of the land. In such a case where the contract is in writing, and thus valid within the statute of frauds, the vendee is, in equity, considered the owner of the land, and he may even call the vendor to account for any waste committed thereon. He is, then, the only person interested in the protection of the land against waste or trespass; and he should have that possession which will enable him to protect his interests, and receive, in the use of the land, an equivalent for the money which he has

paid. The same rule of construction should apply to a parol agreement. In the absence of any evidence to the contrary, it could not be inferred that in such a case the vendor intended to retain the use of both the land and the consideration paid therefor.

Our attention has been called to no authorities in conflict with these views. In *Suffern* v. *Townsend* (9 J. R., 35) it was held that an agreement for the purchase of land did not of itself amount to a license to the party agreeing to purchase to enter on the land; but that was in a case where there was a parol agreement, silent as to the possession, no part of the consideration having been paid. In *Erwin* v. *Olmsted* (7 Cow., 229) and *Kellogg* v. *Kellogg* (6 Barb., 116) the contracts were in writing, silent as to the possession, but no part of the consideration had been paid. In *Spencer* v. *Tobey* (22 Barb., 260) a part only of the consideration had been paid. It cannot, therefore, be said that the plaintiff was a trespasser in what he did upon the land; but all his acts thereon, and in building the road thereto, and in paying the taxes, must be referred to the agreement for the purchase, and must be considered as done in pursuance thereof, and in reliance thereon.

The judgment must therefore be affirmed, with costs.

All concur.

Judgment affirmed