WILLIAM J. LADD, APPELLANT, *v.* ANNA L. STEVENSON, AS ADMINISTRATRIX, ETC., OF VERNON K. STEVENSON, MARINUS WILLETT AND OTHERS, RESPONDENTS.

*Action for specific performance — not maintainable unless all the terms are fully stated in the agreement — nor in doubtful cases — statute of frauds.*

The plaintiff and the defendant Willett entered into an agreement by which the latter agreed, among other things, to pay a loan made by the plaintiff to a corporation, employment in which was secured to the plaintiff for a period named, at a specified salary, and that in case he should discharge the plaintiff before the expiration of the term above mentioned, or should otherwise fail to perform the agreement, he would " give said Ladd (the plaintiff) satisfactory security for the repayment of said loan by the installments above mentioned, or pay the same forthwith in cash " In his complaint herein the plaintiff alleged his discharge by the defendant Willett; that the latter had an interest in certain parcels of real estate, which were described; that this was the only property Willett had, to plaintiff's knowledge or information, and sought to have the defendant compelled to specifically perform the agreement to execute a mortgage upon his real estate to secure the repayment of the amount loaned, and asked also for the foreclosure of this mortgage.

*Held*, that the action could not be maintained.

That although provision was made for satisfactory security, yet as it was not stated of what it should consist, and might be fully complied with by furnishing security other than a mortgage on real estate, the plaintiff could not require the defendant to furnish that particular security.

That no such part performance of the contract was shown as removed it from the statute of frauds.

APPEAL from a judgment dismissing the complaint entered upon the trial of this action by the court, without a jury.

*G. H. Forster*, for the appellant.

*E. Ellery Anderson*, for the respondents

BRADY, J.:

The plaintiff and the defendant Willett entered into an agreement by which, under circumstances therein disclosed, the latter agreed for. certain considerations to pay a loan made by the plaintiff to the Highland Chemical and Mining Company, and in which employment was secured to the plaintiff for a period named at a salary specified. The agreement then contained this clause, showing in part the obligations assumed by the defendant Willett, namely: " Third. In case he shall discharge said Ladd before the expiration of the term above mentioned, or shall otherwise fail to perform this agreement, to give said Ladd satisfactory security for the repayment of said loan by the installments above mentioned, or to pay the same forthwith in cash."

The plaintiff alleged that the loan was not paid; that no security was given as promised, and that he had been discharged by the defendant Willett, thus presenting all the elements to show a breach of the contract. He also alleged that the defendant Willett had an interest in certain parcels of real estate, which were described, and that this was the only property he had to his knowledge or information. The prayer of the complaint is as follows: " Wherefore the plaintiff demands judgment against the defendant, that he specifically perform the said agreement, and that he execute a mortgage upon the above described real estate and property for the repayment of said twelve thousand five hundred dollars, with interest, by installments as aforesaid, and that the defendant and all persons claiming under him subsequent to the commencement of this action, be barred and foreclosed of all right, claim, lien and equity of redemption in the said premises, and that the said premises be decreed to be sold according to law; that the moneys arising from the sale be brought into court; that the plaintiff be paid therefrom the said sum of twelve thousand five hundred dollars, with interest thereon, and the costs and expenses of this action; that the defendant be adjudged to pay any deficiency which may remain, and that a receiver be appointed of said real estate and property, and that the plaintiff have such other and such further judgment or relief in the premises as may be just and equitable."

It is not necessary, in expressing the views entertained of this case, to refer to the many incidents connected with its progress to

a former judgment, and the proceedings for the intervention of other persons, who, at their own solicitation, became defendants to protect their interests, inasmuch as the learned justice presiding in the court below dismissed the complaint upon the ground that the plaintiff was not entitled to demand as security a mortgage on the defendant Willett's real estate, or interest in it, if he had any. He found, in other words, as a conclusion of law, that the plaintiff, under the agreement, did not acquire any lien, mortgage or interest which bound or affected any of the premises described in the complaint. This conclusion seems to be abundantly sustained by the rule promulgated in *Wright* v. *Weeks* (25 N. Y., 153), which, like this, was an action for specific performance. The agreement sought to be enforced in that case provided for the sale of the premises mentioned at a sum stated " upon the terms as specified." And the attempt was made to prove by parol what the terms were, but unsuccessfully, the evidence having been rejected, and the judgment was sustained. It was held that such a contract could not be specifically enforced, unless it stated fully all the terms and subject-matter to be affected. If any of these were omitted, and resort must be had for exemplification to parol evidence, it could not be sustained. (*Foot* v. *Webb*, 59 Barb., 38; see, also, *Mehl* v. *Von Der Wulbeke*, 2 Lans., 267.)

Here, although provision is made for satisfactory security, it is not stated of what it shall consist, and as full compliance with the agreement might be accomplished by some security other than a mortgage on real estate, the proposition that real estate can be demanded and enforced by a decree for specific performance, is at once and successfully answered. Indeed, in reference to transactions purely commercial, such security is rarely given. It is generally consummated by indorsement or bonds or other collaterals negotiable in character and readily converted into cash.

The mischief which must ensue if such a provision constitute a lien on real estate has been illustrated herein by the result of *lis pendens* filed, which affected several pieces of property, thus creating a general and not a specific lien on one piece only. Assuming that the party contracting to secure owns or has an interest in several pieces of property, which of them has he agreed to mortgage? If it does not appear, how can the court declare that by

the agreement any one to be selected is the one referred to, or in contemplation of the parties, or indeed select any one at all on principle?

Specific performance is not decreed in doubtful cases, and certainly never when a decree would be in contravention of a statute which proclaims that no interest in lands other than leases for a term of years not exceeding one year, shall be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing. (Sec. 6, p. 2326, vol. 3, Rev. Stat. [7th ed.], Banks Bros.)

The plaintiff sought to establish the right asserted by parol, and this was an *admission* of the *omission* from the written paper of a necessary element. It is true that some negotiation relating to payment of a part of the sum took place between the parties through their respective attorneys, but this was a concession only in regard to the subject embraced in the negotiation, and was not intended to enlarge the agreement in respect to the kind of security which must be given or the plaintiff had the right to demand. It nowhere appears in the correspondence that such a change or provision was in contemplation, and if there were, it is not so stated or expressed as to avoid the effect of the statute of frauds. It is true that the plaintiff ought to have the protection which security would give him, but his right to it rests upon an agreement most infelicitous and unavailable for the reasons stated. The addition of a few words in the agreement would have given it to him, and the failure to insert them would seem to indicate that real estate as the object in view was not in the minds of the parties, and that the words as to security were used in their ordinary sense and provided for any security which ought to be regarded as satisfactory.

It might be said, in conclusion, that the assumption that there was herein such a part performance of the contract as removed it from the statute of frauds is erroneous. All that was done was to obtain relief from the operation of the *lis pendens* which the court refused to discharge, and which, as the result shows, the plaintiff had no right to file. This relief might be given on proper terms in any case, and doubtless would, but whatsoever was done was coerced

and, therefore, not voluntary, the *lis pendens* standing in the way of any transfer or disposition of the property offered free from incumbrances. It was said by EARL, J., in *Miller* v. *Ball* (64 N. Y., 291) that "it is not always easy to determine whether there has been sufficient part performance of a parol agreement for the sale of land, in the sense of courts of equity, to free it from the operation of the statute of frauds. The general rule is that nothing is to be considered as a part performance which does not put the party into a situation which is a fraud upon him, unless the agreement is performed. * * * The payment of the consideration alone, in a case where its recovery in an action at law would fully indemnify the party paying, would not be a sufficient part performance within the rule under consideration, and neither would mere possession be, without other circumstances of hardship or fraud."

In this case none of these elements are proved, and the contract was devoid of that certainty which existed in all the cases of part performance, namely, the description, general or special, of the land sold and intended to be conveyed. Not only that, but it was marked by the uncertainty also that any land was intended to be granted or incumbered. The only possession the plaintiff ever had of any real estate was that obtained by filing the *lis pendens* — not against one piece of property, but all the defendant Willett had, and for the reason that the right to any one piece was not and could not be shown by the agreement.

The consideration of this record, therefore, develops no reason for disturbing the judgment, and it should be affirmed, with costs.

DANIELS and BARTLETT, JJ., concurred.

Judgment affirmed, with costs.