Williams, J.
The decision of one question, arising upon the demurrer, will dispose of the case; and that is, whether the contract stated in the petition is within the statute of frauds and peijuries ? The provisions of that statute so far as they relate to this question are embraced in sections 4193 and 4199 of the Revised Statutes, which are as follows: “ Section 4198. No lease, estate,or interest, either of freehold or term of years or any uncertain interest of, in or out of lands, tenements or hereditaments, shall be assigned or granted except by deed or note in writing signed by the party so assigning or granting the same, or his agent thereunto lawfully authorized by writing, or by act and operation of law.” “ Section 4199. No action shall be brought whereby to charge * * * any person upon any contract or sale of lands, tenements or hereditaments or any interest in or concerning of them * * * unless the agreement upon which such action is brought or some memorandum or note thereof, is in writing and signed by the party to be be charged therewith, or by some other person thereunto by him or her lawfully authorized.”
The contract between the parties, it is admitted by the petition, was verbal only; and being one for the granting of a lease of lands and tenements, and for their use, occupancy and enjoyment, which is an interest in lands and tenements, it came within the prohibitive provisions of both sections, and either properly interposed constitutes a bar to an action founded upon it, unless it' is taken out of their operation by the part performance alleged in the petition.
This question is properly presented by the demurrer, for though, by demurring, the defendant admits the verbal agree *547 ment set up in the petition, he is nevertheless entitled to the protection of the statute, having claimed such protection in his demurrer, which will in this respect be treated like an answer. 7 Wait’s Action and Def. 55; Randall v. Howard, 2 Black (U. S.) 585; Howard v. Brower, 37 Ohio St. 402.
Whatever objection may be urged against the doctrine of part performance of contracts within the statute of frauds, or be said of its tendency to promote frauds, or of the necessity for courts to make a stand against further encroachments on the statute, it is too well settled to be now open to dispute, that certain acts done in the part performance of verbal contracts for the sale of lands, may operate to take them out of the statute, and generally possession of the land delivered and received under and in pursuance of the contract amounts to such part performance. But it is equally well settled that to have that effect, the possession must be connected with and in consequence of the contract; it must be in pursuance to its terms and in part execution of them. In other words the possession must pursue and substantiate the contract.
In Phillips v. Thompson, 1 John Ch. 131, 149, Chancellor Kent says: “ It is well settled that if a party sets up part performance to take a parol agreement out of the statute, he must show acts unequivocally referring to, and resulting from that agreement, such as the party would not have done unless on account of that very agreement and with a direct view to its performance. There must be no equivocation or uncertainty in the case.”
The possession must be taken under and by virtue of the contract, and not be a mere continuation of the state of things which previously existed, nor an anticipation of a right which is yet to come, and which in point of fact is not given until a subsequent period. Aitkins v. Young, 12 Pa. St. 15.
In Pomeroy on the Specific Performance of Contracts, the rule is thus stated: u The possession must be definite and exclusive ; it must unequivocally show what land is possessed, and that it is possessed by the purchaser exclusively and not concurrently with the vendor; it must, in short, indicate the commencement of a new interest in the estate.” Sec. 121.
*548 The same author further says that “ a plaintiff cannot, in the face of the statute prove a verbal contract by parol evidence and then show that it has been partly performed. This course of proceeding would be a virtual repeal of the statute. He must first prove acts done by himself or on his behalf which point unmistakably to a contract between himself and the defendant, which cannot, in the ordinary course of human conduct be accounted for in any other manner than as having been done in pursuance of a contract, and which would not have been done without an existing contract; and although these acts of part performance cannot of themselves indicate all the terms of the agreement sought to be enforced, they must be consistent with it and in conformity with its provisions when these shall have been shown by the subsequent parol evidence. It‘follows from this invariable rule, that acts which do not unmistakably point to a contract existing between the parties, or which can be reasonably accounted for in some other manner than as having been done in pursuance of a contract do not constitute a part performance sufficient in any case to take it out of the operation of the statute, even though a verbal agreement has actually been made between the parties.” Sec. 108.
In this state it has been held that “ if possession be relied upon it must be clearly referable to the contract, and be delivered and held in performance of it. Possession must give the contract life, and if they can possibly be separated the parol agreement perishes under the operation of the statute. Hence if the possession can be referred to any other source than the parol contract which it is claimed to support, even to the wrongful act of the party in possession or to a different contract the statute applies. Armstrong v. Kattenhorn, 11 Ohio 272.
"We are now led to the inquiry, what acts done by the plaintiff, or in his behalf, in the part performance of the verbal agreement, which, under the rules of law already noticed, save it from the operation of the statute, are alleged in his petition ? Does it disclose any acts of part performance unequivocally referring to and resulting from that agreement; any definite and exclusive possession of the lands included in the contract, de *549 livered and held in performance of the contract ? The only facts on the subject stated in the petition are, that about the first of December, 1882, the defendant “ did direct and consent to the plaintiff entering upon and taking possession ” of the corn-crib situate on the premises; and that the defendant “ refused to allow said plaintiff to enter upon, farm and enjoy said tobacco land, corn land and the said house and lot, the garden thereto attached, half acre lot, etc., and all portions and parts- of said premises so as aforesaid leased, except said wheat land and corn-crib.” But it is not averred that the plaintiff entered upon or took possession of the corn-crib in pursuance of the defendant’s consent or direction, or otherwise; or that he entered upon, or farmed, or enjoyed, or otherwise possessed the wheat land. It is true, an inference that the plaintiff entered into possession of the corn-crib, may be drawn from the fact alleged that the plaintiff consented he might do so; and another, that because the plaintiff did not refuse to allow the defendant to enter upon, farm, and enjoy the wheat lands, the plaintiff in fact did so j but neither of the facts inferred necessarily follow from those averred.- The allegation that the plaintiff partly performed the contract on his part, does not aid the petition, because there may be part performance which does not take the agreement o.ut of the operation of the statute; and unless the petition states such specific acts of part performance, as within the rules of law already adverted to, have the effect of taking the case out of the statute, it is subject to demurrer on that ground. These acts should be stated in issuable form, and not be left to inference and argument. It is difficult to see what issue upon this subject would be presented by a denial of the averments of the petition. It is not alleged that the plaintiff entered upon the possession of any part of the premises, but only that the defendant consented he might, and did not refuse to allow- him. to do so. A denial, therefore, of these averments would not raise an issue as to the fact of the plaintiff’s possession, but only as to the defendant’s consent and permission.
But if it be conceded that the allegations of the petitmn may, under the prevailing liberal rules of pleading, be held *550 sufficiently, though indefinitely, to state that the plaintiff went into the possession of that portion of the land he was to cultivate in wheat, in the fall of 1882, and also took the possession of the corn-crib in December, 1882, the question still remains, did their possession take out of the statute the agreement' for the lease of the other parcels, of which, by its terms, the plaintiff was not to have possession until the following March? It is insisted by the plaintiff that such is its effect, because the the contract is entire, and in such case the actual possession of one of the tracts embraced in the contract relieves it from the operation of the statute as to the other parcels. The case of Smith v. Underdunck, 1 Sandf. Ch. R. 579, is much relied on in support of this claim. In* that case the contract was for the sale of two parcels of land and certain personal property for a gross price; both parcels of land to be conveyed at the same time and by the same deed. The vendor was to furnish his attorney with a proper description of each tract, to enable him to prepare such conveyance. He furnished the description of one parcel but for some reason did not of the other. The attorney prepared the deed for the one parcel according to the description furnished him, and when the parties met, and it was made known that the other parcel was not included in the deed, it was suggested that inasmuch as the description in the deed already prepared was very long, it would be more convenient to deliver the deed as prepared, and as soon as the description of the other parcel could be obtained convey that by separate deed. This was agreed to for the convenience of the vendor and his attorney. In part performance of the contract the vendor delivered the deed, the vendee paid the entire consideration for both tracts of land and the personal preperty, and went into the actual possession of the tract conveyed, and also claimed to be in the possession of the other parcel. His bill averred that he went into possession of the whole property embraced in the agreement and ever since retained the same. Upon this state of case the Vice-Chancellor said: “ When the case of Lord v. Underdunck, founded on the contract in question, was before me (August 7th, 1843), my impression was, that independent of the possession of the 800 *551 acres, there was enough in the case to make it clear of the statute. I have no doubt upon the subject now. The contract was entire and indivisible, for the sale of all the lands in Hancock, and the personal property, for $5,300. In part performance, a conveyance was executed and delivered for all except the 800 acres, and possession of all but that parcel taken and retained by the purchaser. (I leave out of view at present the possession of the 800 acres). And the payment of the whole price was made to the seller. These acts were sufficient to relieve the contract from the operation of the statute. I find no authority which requires the buyer to take possession of all the lands sold in order to make such a part performance as will establish a parol agreement for their sale. The reason assigned for giving this effect to the act of taking possession is as applicable to entering into a part of the lands sold, as it is to an entry into the possession of the whole. 2 Story’s Eq. Jur. 66, sec. 761. Rut I am satisfied that the averment in the bill in regard to the possession of the 800 acres is sufficient to connect it with the contract. It is alleged that Miles Smith took possession by virtue of the agreement, and that Underdunck and his heirs had no possession of any part of it since * * *. The taking possession, as stated in the bill, was such an act as could be done with no other view than that of the agreement being performed: Sugden on Vend., 10 ed. 199 (141); and it was expressly by virtue of the agreement. The assent of Underdunck is inferable from the execution of the deed of the other lands, which entitled Smith to the possession of those; and from the averment that Smith went into the posssession of the whole at the same time. If I am right in this inference, the case upon the possession of the 800 acres is not impugned by any of the authorities cited by the defendant’s counsel.”
In Miller v. Ball, 64 N. Y. 286, it was held that where a parol contract for the sale of lands is silent as to the possession and the vendee has paid the entire consideration, and fully performed on his part, and all that remains for the vendor to do is to give a deed, in the absence of any evidence to the contrary, there is an implied agreement that the vendee may at once take possession and have the use of the land. In the opinion of the *552 court in that case it is said: “ After the plaintiff had paid the full consideration, in reliance upon the promise of the defendant to give him the title to the land, there was an implied consent, on the part of the defendant, that he might take possession as owner. It cannot be inferred that defendant meant to retain the money and at the same time retain control of the land from the only person interested in the use and protection of the same. It may be stated as a general rule that in all cases where the contract for the sale of land is silent as to the possession, the land being vacant and the vendee has paid the entire consideration, and fully performed on his part and all that remains for the vendor to do is to give the deed, there must be an implied agreement or license that the vendee may.at once take possession and use the land.” The contract in the case of Smith v. Underdunck, supra, was silent as to the possession; the vendee paid the entire consideration for both the parcels of land and fully performed the contract on his part in regard to both, and all that was left for the vendor to do was to execute and deliver the deed for one of the parcels in the fulfillment of his promise to the vendee. The vendee was therefore entitled under his contract to the present possession of both parcels, and taking actual possession of one, gave him constructive possession of the other. Both the actual possession of the one and the constructive possession of the other were in pursuance of the agreement, in execution of the same, and strictly, according to its terms; and it deserves to be noticed that prominence is given to this consideration by the vice-chancellor in the decision of that case. The real principle to be deduced from that decision is, that where there is a present right of possession of several parcels of land under a parol contract for their purchase for a gross sum, fully paid, the actual possession of one parcel delivered and taken under the contract is equivalent to the possession of all, and therefore sufficient part performance of the contract to exclude it from the operation of the statute of frauds. So understood, that decision is in harmony with the current of authority on the subject and we recognize its entire soundness. But the case made by the petition now under consideration is not within its reason or principle in any particular.
*553 Here was not an entire contract for a gross price, fully paid, under which the plaintiff was entitled to the immediate possession of each of the parcels of land included in it; but embraced in one contract specific agreements for separate parcels, with the present right to the possession of one only, the right to the possession of the others being by the express terms of the contract postponed to a future time. The consideration is not a gross sum for all, but a separate and different consideration is agreed upon for each parcel, and the possession and use of each is necessary for the creation of the consideration for that particular parcel only, and has no connection with the consideration for the others. The commencement and duration of the terms of the tenancy, the periods of performance, and payment of the rent are different; and the performance of the agreement concerning the one parcel is in no way made dependent upon that relating to the others. The plaintiff went into the possession of the parcel to which under the agreement he was entitled, but did not of the other parcels, and could not at that time do so under the contract; for by its terms the right to their possession had not then accrued, and to have then taken the possession of them would have been in violation of the agreement, instead of its part performance. 'In such case the actual possession of the one parcel into which the plaintiff so rightfully entered, could not be indicative of the commencement of a new estate in the others, evince and substantiate the contract in relation to them, nor in any sense be a possession of them under the contract, or equivalent thereto. If a party has, by terms of his contract a right to take possession, his taking possession of one of the things comprised in the contract will by construction of law amount to the possession of all; but if he is not entitled to take possession he can only obtain possession of that which he actually lays hold of. Fletcher v. Henley, 5 Ch. Div. 812. In Smith v. Underdunck, supra, the entirety of the consideration for the two parcels of land and its full payment were important, because they established the right of the vendee to the simultaneous possession of each parcel. Both these circumstances are lacking in the present case, and the contract is entire only *554 in the particular that the several agreements concerning the different parcels of land were made at the same time; in all else it is severable. Loomis v. Eagle Bank of Rochester, 10 Ohio St. 327.
The case of Buckmaster v. Harrop, 7 Ves. Jr. 341, bears close anology to this one in all essential features. In that case Finney by his agent, on the 23rd of August, 1800, purchased four parcels of land at an auction sale, for different prices aggregating 3119 l. “ By the conditions of the sale the purchaser was to have possession of lot 3 immediately, and of the' other lots at Michaelmas next; paying the remainder of his purchase-money upon the execution of the conveyance on or before the 29th of September. Finney soon afterward gave the amount of the auction duty to his attorney to be paid to Wright (the auctioneer), directing him to take the proper receipt. He also sold the crops of hay, grass and oats then growing on the premises comprised in lot 3 for 501, to a person who afterwards took possession of the premises in that lot. Finney died before the 501 became due, and before the conveyances were executed.” His heirs at law filed a bill for specific performance of the contract of sale claiming that the part payment of the purchase-money and the possession of lot 3 was such part performance as took the contract out of the statute of frauds not only as to it, but also as to all the other parcels purchased. But specific performance was denied, and it was held that if possession of lot 3 was sufficient to take the contract as to it out of the statute, it could not have that effect as to the other lots.
We find no authority or sound principle to support the proposition that the possession of the parcel of land taken by the plaintiff, in pursuance of the contract, constituted constructive possession of the other parcels to which, by the positive provisions of the contract, there was no existing right of possession in him, and the possession of which he distinctly avers in his petition the defendant refused to deliver to him, or otherwise amounted to such part performance as took the agreement out of the statute of frauds as to those parcels whereof he had no possession. The contract propounded by the plaintiff, as *555 well as the averments of his petition, negative such possession, and the defendant’s consent thereto, both of which are essential to that part performance requisite to establish and give validity to the agreement. In regard to the possession of the corn-crib, it may be remarked in addition to what has been said; that it appears such possession was not taken under the contract, nor in part performance of it, but on the contrary was an act outside of the contract, and merely in anticipation of a right to accrue under the contract at a future time.

Judgment of the circuit coutrt and court of common pleas reversed, and cause remanded with instructions to sustain the demurrer and for further proceedings.