(21 Misc. Rep. 159.)

MELCHER v. KREISER.

(Supreme Court, Special Term, New York County. August, 1897.)

REAL PARTY IN INTEREST.

    A lessor describing himself in the lease as attorney and "agent for the owners," and signing his name as "Agt. & Atty.," cannot sue for rent due on it in the name of himself "as attorney and agent for the owners."

Action by John L. Melcher, as attorney and agent for the owners, against Samuel Kreiser. Plaintiff moves to strike out the answer as sham and frivolous, and for judgment. Denied.

John S. Melcher, for plaintiff.

Isaac Fromme, for defendant.

RUSSELL, J. The motion in this case presents a novel question for solution. The plaintiff asks that the answer be stricken out as sham and frivolous, and for judgment. The plaintiff sues for rental due at the rate of $400 per month upon the averment of a lease in writing by the plaintiff to the defendant, and possession thereunder by the defendant. The answer denies the allegations of the leasing, and affirmatively avers that the plaintiff is not the real party in interest, but merely an attorney or agent for the real parties, L. S. Melcher and Mary Paget. The title indicates that the plaintiff is simply attorney and agent for the owners, and the plaintiff's attorney submits the lease on the motion made "between John L. Melcher, of New York City, as attorney and agent of the owners of the premises hereinafter described, party of the first part, lessor, and Samuel Kreiser, of said city, lessee, party of the second part." The lease is signed, "John L. Melcher, Agt. & Atty. [L. S.] Samuel Kreiser. [L. S.]" The plaintiff's counsel argues that the lessee is estopped from denying the title of the landlord, and that the persons for whom Melcher is attorney and agent cannot enforce the provisions of the lease, but that any action upon it must be brought in the name of the lessor as written in the instrument as signed, and therefore that the answer is both sham and frivolous. He cites the case of Schaefer v. Henkel, 75 N. Y. 378, in which the court of appeals held, Rapallo and Allen dissenting, that where it distinctly appeared that the seal affixed was the seal of the person subscribing, even though he designated himself as agent, and not the seal of the principal, the agent is the real party in interest who can maintain an action on the agreement. But in that case the absence of proof that the lessee had knowledge that such agent was acting for the owners prevented the owners recovering upon the instrument. He also cites the case of Kiersted v. Railroad Co., 69 N. Y. 343, where the court of appeals held that the agent executing the lease as lessee in his individual name was alone liable, as the lease did not purport to be executed on behalf of the principal. There is also another case of similar import, namely, that of Briggs v. Partridge, 64 N. Y. 357. It was there held that an executory contract under seal for the purchase of lands, executed by the vendee in his own name, cannot be enforced as a simple contract of another not mentioned in or a party to the in-

strument, on proof that the vendee named had oral authority from such other to make the contract, and did, in fact, act as his agent, in the absence of proof of the ratification on the part of the undisclosed principal. The general doctrine, however, is that a mere agent or attorney, not having a beneficial interest in the contract, cannot maintain an action in his own name. Gunn v. Cantine, 10 Johns. 387. In Dykers v. Townsend, 24 N. Y. 57, the court of appeals allowed a recovery upon a contract, necessarily in writing to comply with the statute of frauds, by the principal or real party in interest, although the contract did not name or refer to the existence of the principal, and was apparently signed by the agent as a principal. In Miller v. Ball, 64 N. Y. 286, there was an oral contract for the purchase of lands, which was taken out of the statute of frauds by acts of improvement on the part of the vendee. The contract itself was made by the agent as a principal, and no suggestion whatever was made as to any one but the apparent vendee having any interest whatever in the purchase. Yet the court of appeals allowed a specific performance of this contract by the undisclosed principal. It will thus be seen that the only limitations upon the necessity of bringing the action in the name of the real party in interest are in cases where the agent makes the contract as a principal, and affixes the seal as principal. Even in those cases it would seem that the real party in interest ought to have the right to enforce an agreement actually made for his benefit, and under which he has been deprived of the use of his own property, and that he could terminate the agency when he saw fit, in case of untrustworthiness of the agent, adopting the act of that agent for the enforcement of that contract itself and for his own protection. However this may be, in the present case the lessor in the lease itself describes himself as attorney and agent for the owners, signs the lease as agent and attorney, showing that he was not covenanting in his own behalf, but professedly for others; and I am referred to no case which allows him upon such a written instrument to bring an action, not in his own name, but as attorney and agent for the owners, as plaintiff, and recover the sums provided to be paid by the party of the second part. The answer clearly cannot be stricken out as sham and frivolous independently of any consideration of the denial of the execution of any such writing, which ordinarily allows a trial of the question in issue before a jury.

Motion denied, with $10 costs.